

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

**FILED**

FEB 20 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

January 8, 2008

Danny Onorato, Esq.
Schertler and Onorato
Counsel for Ofc. Kenneth Longerbeam

CR 08-17

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, **Kenneth Longerbeam**, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on February 6, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b).

Your client understands that pursuant to 18 U.S.C. § 2423(b), the charge of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct carries a maximum sentence of Thirty (30) years of imprisonment, a fine of $250,000 pursuant to 18 U.S.C. § 3571(b)(3), an obligation to pay any applicable interest or penalties on fines not timely made and a term of five (5) years to life of supervised release pursuant to 18 U.S.C. §3583(k). Further, pursuant to 42 U.S.C. 16915(a)(1), your client will be required to register as a sex offender for fifteen (15) years. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for attempted enticement of a minor pursuant to 18 U.S.C. 2422(b) or any other conduct set forth in the attached Statement of Offense.

**Resignation**

Your client further agrees that he will: a) within seven (7) days of entering his guilty plea before the Court, tender his written resignation to the District of Columbia Metropolitan Police Department; (b) provide the government with documentation evidencing his resignation from the Metropolitan Police Department before sentencing in this matter; and (c) agree to have a copy of this plea agreement and the "Statement of the Offense" placed in any official personnel file that is maintained by the Metropolitan Police Department, and/or the government of the District of Columbia that pertains to him.

**Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. <u>However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.</u>

A.  **Offense Level under the Guidelines**

**Section 2G1.3(a)(4)**

| | |
|---|---|
| Estimated Base Offense Level | <u>24</u> |
| Applicable Specific Offense Characteristics | |
| 2G1.3(b)(3)(B) - Use of a computer | <u>+2</u> |

2

### B. Adjustment for Acceptance of Responsibility:   -3

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

**Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense[s] authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**Forfeiture**

Your client specifically agrees to administrative forfeiture of the following specific property used to commit and facilitate the commission of the offense of interstate travel to engage in illicit sexual conduct, and related offenses:

One Dell Latitude C600/C500 laptop Computer, Model No. PP01L, DS/ N TW-01F902-12800-1A1-0429;

One Motorola V3M cellular telephone, S/N SJUG 21470DK;

Computer hardware of any kind, related communications devices such as modems, cable, recording equipment, as well as any equipment or devices that can be used to restrict access to computer hardware;

Computer Software, consisting of digital information in any form that can be interpreted by a computer equipment;

Computer related documentation, including electronically stored material that explains or illustrate how to use the computer hardware, software or other related items;

Passwords and Data Security devices designated to restrict access to or hide computer software, documentation, or data.

Your client warrants that your client is the sole owner of all of the property listed above, and agrees to hold the United States, its agents and employees, and the Metropolitan Police Department, harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Plea Agreement.

Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as: (1) property facilitating illegal conduct; or (2) property involved in illegal conduct giving rise to forfeiture.

### Release/Detention

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

### Sexual Offender Registration

Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 42 U.S.C §§ 16911(2), 16915(a)(1) he is required to register as a sex offender for a period of fifteen (15) years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C.

Code § 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to ten years imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. §3583 and that failure to comply with his obligations under the Act could subject him to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

Jeffrey A. Taylor
United States Attorney

By: John Cummings
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Danny Onorato, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 1/30/08

_____
Kenneth Longerbeam
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 1/30/08

_____
Danny Onorato, Esquire
Attorney for the Defendant