FILED

FEB 2 0 2008

NANCY-MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Case Number: ~~M02464-M~~  08-17 |
| | : | |
| v. | : | |
| | : | |
| KENNETH LONGERBEAM | : | Status: February 6, 2008 |
| | : | |
| Defendant. | : | |

## STATEMENT OF THE OFFENSE

On December 18, 2007, within the District of Columbia, a cooperating witness who is known to the defendant, sent a text message by cellular telephone to the defendant, KENNETH LONGERBEAM, and initiated an exchange of text messages with the defendant. Over a 90-minute period the defendant and the cooperating witness exchanged text messages. The defendant used the text messaging feature of his cellular telephone, which constitutes a computer, to conduct this exchange of text messages.

The cooperating witness indicated that he had a boy coming over and that he was going to engage in sex with the child. The defendant asked how old the child was. The cooperating witness indicated the child was 14 years old, and in response to the defendant's question whether he was going to "fuck" the child, the cooperating witness indicated that he was going to engage in anal sex with the child. The defendant asked whether the boy was "into 3 ways," meaning whether he the child would engage in group sex. When the cooperating witness said the child was, the defendant said "Kool, when can I join?" During the exchange of text messages, the defendant, a Metropolitan Police Department officer, said that he was working that night, and arranged with the cooperating witness to come to the cooperating witness's residence the

following morning . During the exchange of text messages, the defendant indicated that he was interested in having anal sex with the child.

The defendant was located in the State of Maryland during the time that he conducted this exchange of text messages with the cooperating witness. The defendant had previously been to the cooperating witness' residence, which is located within the District of Columbia, and knew that he was agreeing to meet the cooperating witness in the District of Columbia in order to engage in illicit sexual conduct with a child.

On or about December 18, 2007, the defendant traveled from the State of Maryland into the District of Columbia. The defendant acknowledges that when he traveled from the State of Maryland into the District of Columbia on December 18, 2007, he did so with a dual purpose: to report to work at the Fourth District and to go to the cooperating witness' apartment in order to engage in illicit sexual conduct with a fourteen-year-old child.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the defendant, but is instead a statement of facts intended to provide the necessary factual predicate for the guilty plea in this case. In addition, this proffer contains facts that relate to specific offense characteristics contained in the United States Sentencing Guidelines that the parties agree are applicable in this case. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for entry of the defendant's plea of guilty

and for application of the specific offense characteristics that are set forth in the plea agreement
entered into by the parties.


John Cummings, Esq.
Assistant United States Attorney

Kenneth Longerbeam
Defendant

Danny Onorato, Esq.
Attorney for Defendant

3