UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. : CR-08-00017-001 |
| | : | |
| v. | : | CHIEF JUDGE THOMAS F. HOGAN |
| | : | |
| KENNETH LONGERBEAM | : | Sentencing : May 22, 2008 |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Memorandum in Aid of Sentencing. For the reasons stated herein, the government requests that the Court sentence the defendant to a sentence within the applicable advisory guideline range.

### Statement of Facts

1.  On December 18, 2007, the defendant used a cellular telephone to exchange text messages with a cooperating witness. The defendant used the text messaging feature of his cellular telephone, which constitutes a computer, to conduct this exchange of text messages.

2.  The cooperating witness indicated that he had a boy coming over and that he was going to have sex with the child. The defendant asked how old the child was. The cooperating witness indicated the child was 14 years old, and in response to the defendant's question whether he was going to "fuck" the child, the cooperating witness indicated that he was going to have anal sex with the child. The defendant asked whether the boy was "into 3 ways," meaning whether he the child would engage in group sex. When the cooperating witness said the child was, the defendant said "Kool, when can I join?" During the exchange of text messages, the defendant, a Metropolitan Police Department officer, said that he was working that night, and

arranged with the cooperating witness to come to the cooperating witness's residence the following morning . During the exchange of text messages, the defendant indicated that he was interested in having anal sex with the child.

3. The defendant was located in the State of Maryland during the time that he exchanged text messages with the cooperating witness. The defendant had previously been to the cooperating witness' residence, which is located within the District of Columbia, and the defendant knew that he was agreeing to meet the cooperating witness in the District of Columbia in order to engage in illicit sexual conduct with a child.

4. On or about December 18, 2007, the defendant traveled from the State of Maryland into the District of Columbia. The defendant has acknowledged that when he traveled from the State of Maryland into the District of Columbia on December 18, 2007, he did so with a dual purpose: to report to work at the Fourth District and to go to the cooperating witness' apartment in order to engage in illicit sexual conduct with a fourteen-year-old child.

**Statutory Penalties**

5. The defendant pled guilty to a single count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). This charge carries a maximum sentence of Thirty (30) years of imprisonment, a fine of $250,000 pursuant to 18 U.S.C. § 3571(b)(3), an obligation to pay any applicable interest or penalties on fines not timely made, and a term of five (5) years to life of supervised release pursuant to 18 U.S.C. §3583(k). Further, pursuant to 42 U.S.C. 16915(a)(1), the defendant is required to register as a sex offender for fifteen (15) years. Pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal

government the costs of any imprisonment, term of supervised release and period of probation.

### Applicability of the Sentencing Guidelines

6. In light of the Supreme Court's decision in United States v. Gall, _____ U.S. _____, 128 S.Ct. 586 (December 10, 2007), this Court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a) after determining the applicable advisory guideline range. These applicable factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

7. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). Thus, the Court invalidated the statutory provision that made the Guidelines mandatory. 18 U.S.C. § 3553(b)(1); Booker, 125 S. Ct. at 756. Nonetheless, and as the Supreme Court recently stated, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.

## Sentencing Guidelines

8. The government concurs with the sentencing calculation contained in the pre-sentence report. Pursuant to the United States Sentencing Commission Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G"), the applicable base offense level is 24 pursuant to U.S.S.G. § 2G1.3(a)(4). This base offense level is increased by two levels as a result of the specific offence characteristic enhancement for the use of a computer to induce a minor to engage in prohibited sexual conduct pursuant to U.S.S.G. § 2G1.3(b)(3)(B). In light of the defendant's early acceptance of responsibility in this case, the government is requesting a 3 level downward adjustment for early acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a), (b).

9. The defendant has indicated that he will oppose the 2 point enhancement for the use a computer to induce a minor to engage in prohibited sexual conduct pursuant to U.S.S.G. § 2G1.3(b)(3)(B). This enhancement is appropriate in this case. The application notes to U.S.S.G. § 2G1.3(b)(3)(B) state that this enhancement is "intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." While there was no direct contact between the defendant and the fictitious minor in this case, courts have consistently held that arranging illicit sexual encounters over a computer, through an adult intermediary, constitutes an inducement of a minor pursuant to 18 U.S.C. 2422(b). See United States v. Hornaday, 392 F.3d 1306 (11th Cir. 2004); United States v. Murrell, 368 F.3d 1283 (11th Cir. 2004); United States v. Saucedo, No. 07-20286. 2007 WL 3124658 (Oct. 25, 2007). There is no reason to interpret the comments to U.S.S.G. § 2G1.3(b)(3)(B) any differently, particularly in light of the comment's

language that the enhancement also applies to "a person who exercises custody, care, or supervisory control of the minor." See also United States v. Vance, 494 F.3d 985 (11th Cir. 2007) (Applying U.S.S.G. § 2G1.3(b)(3)(B) to a case involving the use of a computer to communicate with a third-party agent to arrange prohibited sexual conduct with minors.)

10.     The defendant's use of the text feature of his cellular phone also satisfies the definition of a computer.  While the sentencing guidelines do not specifically define a "computer," the comments to U.S.S.G.  § 2G1.3(b)(3)(B) cross-reference the definition of a computer that is set forth in 18 U.S.C. 1030(e)(1), to wit:

> (e) As used in this section--
>
> (1) the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device;

The defendant's use of a cellular telephone to exchange electronic text messages with the cooperating individual clearly falls within the plain language of 18.U.S.C. §1030(e)(1). Accordingly, the Presentence Report properly included the 2-point enhancement for the use of a computer to induce a minor to engage in prohibited sexual conduct pursuant to U.S.S.G. § 2G1.3(b)(3)(B).

## **Sentencing Recommendation**

11. After examining the factors enumerated in 18 U.S.C. §3553, the government recommends that the Court sentence the defendant within the advisory guideline range to a period of incarceration. This is the defendant's first known contact with the criminal justice system as a defendant. Further, the defendant did move promptly after his arrest to advise the government of his intention to resolve this matter by way of a guilty plea. This consideration has, however, already been taken into consideration through a three-point reduction in the defendant's base offense level. The defendant also participated in a voluntary debriefing. That debriefing provided corroborative information regarding the cooperating individual who had contacted the defendant in this case. The government also acknowledges that the defendant has already suffered significant consequences as a result of his guilty plea in this case, including his mandated resignation from the Metropolitan Police Department. While these are clearly mitigating factors pursuant to § 3553(1), pursuant to § 3553(2), this Court must also consider the gravity of this type of offense, where an adult, no less an adult who is a sworn law enforcement officer, sought to engage in illicit and high-risk sexual conduct with a fourteen-year old child. While there is no apparent risk of recidivism, a sentence within the advisory guideline range is still necessary to provide the necessary general deterrence for this type of crime.

WHEREFORE, the United States respectfully recommends a sentence near the low end of the advisory guideline range.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        Bar No. 498610

By:                    /s/
                                        John Cummings
                                        Assistant United States Attorney
                                        Member Maryland Bar
                                        555 4th Street, N.W., Room 4838
                                        Washington, DC 20530
                                        (202) 514-7561
                                        john.cummings@usdoj.gov