## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **Crim. No. 08-0017 (TFH)** |
| KENNETH LONGERBEAM, | |
| **Defendant.** | |

## MEMORANDUM OPINION

Pending before the Court is defendant Kenneth Longerbeam's Renewed Motion for Termination of Supervised Release [ECF No. 22]. On February 20, 2008, defendant pled guilty to one count of interstate travel to engage in prohibited sexual conduct. On May 22, 2008, the Court sentenced defendant to 36 months of imprisonment, with a recommendation to the Bureau of Prisons that defendant be placed in the 500 hour substance abuse treatment program, followed by 10 years of supervised release, which included terms requiring defendant to, *inter alia*, register with the state sex offender registry in the state where defendant resides or works, work regularly at a lawful occupation, and participate in sex offender treatment. By Order of August 4, 2015, the Court denied defendant's previous motion for termination of supervised release and granted defendant leave to re-file within one year. In his renewed motion, defendant requests that the Court terminate his supervised release because "[h]e has complied with all conditions of his sentence and has successfully been on supervised release for nearly six years." Mot. at 2. The government has filed an opposition [ECF No. 23]. Additionally, the U.S. Probation Office has filed a response recommending that the Court deny defendant's second motion for early termination [ECF No. 24]. Upon consideration of defendant's motion, the government's

opposition, the Probation Office's response, and the entire record herein, the motion will be denied.

Motions to terminate a defendant's term of supervised release are governed by 18 U.S.C. § 3583(e)(1), which provides that

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1); *see United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015) (concluding that "a district court must consider the specified § 3553(a) factors before denying a motion for early termination of supervised release").[1]  While section 3583(e)(1) does

---

[1] The specified § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed. . .
>
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—[or] . . .

not specify when early termination is "warranted by the conduct of the defendant released," the

United States Court of Appeals for the District of Columbia Circuit has acknowledged that, per

the Second Circuit's decision in *United States v. Lussier*, 104 F.3d 32, 32 (2d Cir. 1996),

"'[o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the

defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as

conditions of release—will render a previously imposed term or condition of release either too

harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)[,]'"

such that a defendant may be entitled to termination of supervised release under § 3583(e)(1).

*Mathis-Gardner*, 783 F.3d at 1289-90. However, as the undersigned explained in *United States*

*v. Etheridge*, 999 F. Supp. 2d 192 (D.D.C. 2013):

> [D]istrict courts applying *Lussier* to § 3583(e)(1) petitions have
> found that even perfect compliance with conditions of release does
> not qualify as "exceptionally good behavior" warranting early
> termination. These courts have noted that "[m]odel prison conduct
> and full compliance with the terms of supervised release is what is
> expected of a person under the magnifying glass of supervised
> release and does not warrant early termination." *United States v.*
> *McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). In *United States*
> *v. Medina*, the court found that though defendant's "post-
> incarceration conduct is apparently unblemished, this alone cannot
> be sufficient reason to terminate the supervised release since, if it

---

**(B)** in the case of a violation of probation or supervised release, the
applicable guidelines or policy statements issued by the Sentencing
Commission . . . ;

**(5)** any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

**(6)** the need to avoid unwarranted sentence disparities among defendants with
similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

were, the exception would swallow the rule." 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). Therefore, a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance. *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

999 F. Supp. 2d at 196.

Here, in support of his motion, defendant emphasizes that he has, for approximately six years, complied with the terms of his supervised release, including by completing sex offender therapy, complying with sex offender registration requirements in the state of Maryland where he works and lives, and maintaining stable employment and financial independence. Mot. 1-2. Defendant also notes that he has attended bi-weekly Alcohol and Narcotics Anonymous meetings and completed the "AA/NA twelve steps," has been in a stable personal relationship for more than four years, and plans to get married in July 2016. Mot. 2.

The Court notes that when it sentenced defendant it weighed the specified § 3553(a) factors pursuant to the Supreme Court's decision in *Gall v. United States*, 552 U.S. 38, 49-50 (2007) (noting that "the district judge should . . . consider all of the § 3553(a) factors to determine whether they support the sentence"). The Court has weighed these factors again in light of defendant's above-noted conduct. However, while the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to "exceptionally good behavior" or "something of an unusual or extraordinary nature in addition to full compliance." *See Mathis-Gardner* and *Etheridge*, both *supra*. In sum, the Court concludes that "the conduct of the defendant released

and the interest of justice" do not warrant termination of defendant's supervised release. 18 U.S.C. § 3583(e)(1).

Accordingly, defendant's Renewed Motion for Termination of Supervised Release [ECF No. 22] will be denied. An appropriate order will accompany this opinion.

July 26th, 2016

_____
Thomas F. Hogan
Senior United States District Judge